■ In the Matter of HOWARD HERZOG et al., Respondents, v ASSESSOR OF THE CITY OF NEW ROCHELLE, Appellant.—In a proceeding pursuant to article 7 of the Real Property Tax Law, the appeal is from an order of the Supreme Court, Westchester County, dated January 31, 1978, which directed the City of New Rochelle to initiate a physical revaluation of all of the city's realty by June 1, 1978. Order affirmed without costs or disbursements. The Assessor of the City of New Rochelle's time to initiate the physical revaluation of all of the city's realty, as directed by Special Term, is extended for a period of four months from the date of entry of this order. Special Term was correct in directing the Assessor of the City of New Rochelle to initiate a revaluation of all of its realty (see *Matter of Hellerstein v Assessor of Town of Islip,* 37 NY2d 1). In directing the Assessor of the City of New Rochelle to initiate a physical revaluation of all of the city's realty, we are mindful of section 306 of the Real Property Tax Law which provides that the "assessing unit" shall not be required to "complete and file a final assessment roll" until December 31, 1980. However, that compliance date is contingent upon the assessing unit's initiating the revaluation in good faith and actively carrying out such revaluation. The directive to

the City of New Rochelle will assist it in complying with the statute by the date fixed therein. Mollen, P. J., Suozzi, Rabin and Martuscello, JJ., concur.